MOLLIE M. BURKS (SBN: 222112)
mburks@grsm.com
SETH WEISBURST (SBN: 259323)
sweisburst@grsm.com
SAT SANG S. KHALSA (SBN: 256130)
skhalsa@grsm.com
ELIZABETH Y. MU (SBN: 328743)
emu@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470

Attorneys for Defendant
WHITING DOOR MANUFACTURING CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON ATTISON, an individual, on behalf of himself, other current and former aggrieved employees, and the State of California, as a private attorneys general,<br><br>Plaintiff,<br><br>vs.<br><br>WHITING DOOR MANUFACTURING CORP., a New York corporation; and DOES 1 through 25, Inclusive,<br><br>Defendants. | CASE NO. 5:20-cv-00012 JGB (KKx)<br><br>Judge: Hon. Jesus G. Bernal<br>Courtroom: 1<br><br>Complaint filed: 12/2/2019<br><br>**DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL OF ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, AND REQUEST FOR STAY**<br><br>Date: _____, 2021<br>Time: 9:00 a.m.<br>Courtroom: 1 |

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

WDMC/1197738/59178590v.

-1-

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

1

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

## <u>NOTICE OF PETITION</u>

PLEASE TAKE NOTICE that on _____, 2021 or as soon thereafter as the matter may be heard, in the above-captioned Court, Defendant Whiting Door Manufacturing Corp. will, and hereby does, move pursuant to 28 U.S.C. section 1292(b) for an order certifying an immediate interlocutory appeal from this Court's May 21, 2021 order granting in part and denying in part Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 58). Whiting Door also moves for a stay of the District Court proceedings pending the completion of appellate proceedings.

Whiting Door seeks certification for an interlocutory appeal of this Court's ruling in the Order that granted partial summary judgment in Plaintiff's favor as to liability on Claims One, Two, Three, Seven, and Ten of Plaintiff's operative complaint. Order at 8-10, 12-13. Accordingly, Whiting Door will ask the District Court to certify the following questions for review:

(1)    Whether Plaintiff exhausted his remedies through his PAGA notice that did not address Plaintiff's theory of an allegedly improper rounding practice;

(2)    Whether the trial court has the ability, based on the improper evidence, to adjudicate the PAGA claim even if Plaintiff had exhausted his remedies; and

(3)    Whether Plaintiff can obtain a finding of liability on his individual claims based on a rounding theory that was alleged not in the complaint and was raised for the very first time after the close of discovery.

Certification of this ruling for an interlocutory appeal is appropriate because (i) the issues presented are "controlling question[s] of law"; for each of which (ii) "there is substantial ground for difference of opinion"; and (iii) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

///

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR
INTERLOCUTORY APPEAL AND STAY

1    The Petition is submitted following conference of counsel, pursuant to Local

2    Rule 7-3, which took place on June 10, 2021.  The Petition will be submitted based

3    upon this notice, the attached motion, the Declaration of Mollie M. Burks, filed

4    concurrently herewith, and the District Court's May 21, 2021 Order, as well as the

5    complete files and records in this action, and any additional material and

6    arguments as may be considered in connection with the hearing on this motion.

7

8    Dated:  June 21, 2021                    GORDON REES SCULLY
                                              MANSUKHANI, LLP

9

10                                           By:   /s/ Mollie M. Burks_____

11                                                 Mollie M. Burks
                                                   Seth Weisburst
12                                                 Sat Sang S. Khalsa
                                                   Elizabeth Y. Mu
13                                                 Attorneys for Defendant
                                                   WHITING DOOR
14                                                 MANUFACTURING CORP.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR
INTERLOCUTORY APPEAL AND STAY

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

1

# **TABLE OF CONTENTS**

2

**Page**

3    MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 9

4    STATEMENT OF ISSUES TO BE DECIDED ................................................ 9

5    I.    INTRODUCTION .................................................................... 9

6    II.    PROCEDURAL BACKGROUND ............................................ 11

7      A.    The PAGA Notice, Complaint, and Plaintiff's Motion for Summary Judgment ............................................ 11

8

9      B.    The Court's Order ............................................ 12

III.    ARGUMENT ............................................ 13

10

11      A.    The Court Should Certify the Question of Whether Plaintiff Exhausted His Remedies Through the PAGA Notice, Notwithstanding Its Failure to Address Rounding. .......................... 13

12

13        1.    Whether Plaintiff Exhausted His Remedies Through the PAGA Notice is a Controlling Question of Law ..................... 13

14

15        2.    A Substantial Basis Exists for Difference of Opinion Regarding Whether Plaintiff Exhausted His Remedies Through the PAGA Notice. ................. 15

16        3.    Resolution of the Appeal In Whiting Door's Favor Would Materially Advance The Litigation. ..................... 17

17

18      B.    The Court Should Also Certify The Question of Whether the Trial Court Has The Ability to Adjudicate the PAGA Claim Based on a Limited and Unexplained Statistical Sample. ............... 18

19

20        1.    Whether The Trial Court Has The Ability to Adjudicate The PAGA Claim is a Controlling Question of Law. ............. 18

21        2.    A Substantial Basis Exists for Difference of Opinion Regarding Whether The Trial Court Has The Ability To Adjudicate The PAGA Claim Based On A Limited and Unexplained Statistical Sample. ..................... 20

22

23

24        3.    Resolution of Whether The Trial Court Has The Ability To Adjudicate The PAGA Claim Would Materially Advance The Litigation. ..................... 22

25

26      C.    The Court Should Also Certify The Question of Whether Plaintiff Can Obtain a Finding of Liability on His Individual Claims, Based On a Rounding Theory That Was Not Raised During the Course of Litigation. ..................... 23

27

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-4-

1. Whether Plaintiff Can Obtain a Finding of Liability Based on an Undisclosed and/or Omitted Theory of Recovery is a Controlling Question of Law. .......................... 23

2. A Substantial Basis Exists for Difference of Opinion Regarding Whether Plaintiff Can Obtain a Finding of Liability Based on an Undisclosed and/or Omitted Theory of Recovery. ............................................. 24

3. Resolution of Whether Plaintiff Can Obtain a Finding of Liability Based on an Undisclosed and/or Omitted Theory of Recovery Would Materially Advance The Litigation............................................................ 25

D. This Court Should Stay Further Proceedings Pending the Completion of Appellate Proceedings ................................ 26

IV. CONCLUSION ............................................................ 27

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*,
2006 WL 2850017 (N.D. Cal. Oct. 4, 2006)................................................17, 20

5

*Alcantar v. Hobart Serv.*,
6 800 F.3d 1047 (9th Cir. 2015).......................................................................14, 16

7

*Alcatel-Lucent USA, Inc. v. Dugdale Communications, Inc.*,
2009 WL 3346784 (C.D. Cal. Oct. 13, 2009)........................................................24

8

*Alliance for the Wild Rockies v. Corttrell*,
9 632 F.2d 1127 (9th Cir. 2011)...............................................................................26

10

*Alonzo v. Maximus, Inc.*,
832 F. Supp. 2d 1122 (C.D. Cal. 2011) ................................................................14

11

*Amey v. Cinemark USA Inc.*,
12 2015 WL 2251504 (N.D. Cal. May 13, 2015)........................................................16

13

*Amor Ministries v. Century Sur. Co.*,
2015 WL 11251726 (S.D. Cal. June 3, 2015).................................................20, 21

14

*Arias v. Sup. Ct.*,
15 26 Cal.4th 969 (2009) ...........................................................................................14

16

*Asis Internet Servs. v. Active Response Grp.*,
2008 WL 4279695 ..................................................................................................17

17

*Brown v. American Airlines, Inc.*,
18 2015 U.S. Dist. LEXIS 150672 (C.D. Cal. Oct. 5, 2015) .....................................20

19

*Burch v. Regents of Univ. of Calif.*,
433 F. Supp. 2d 1110 (E.D. Cal. 2006).................................................................21

20

*Cardenas v. McLane FoodServices, Inc.*,
21 796 F. Supp. 2d 1246 (C.D. Cal. 2011) ................................................................16

22

*City of San Diego v. Monsanto Company*,
310 F.Supp.3d 1057 (S.D. Cal. 2018)...................................................................15

23

*Coleman v. Quaker Oats Co.*,
24 232 F.3d 1271 (9th Cir. 2000).........................................................................23, 25

25

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010).................................................................................15

26

*Cristobal v. Siegel*,
27 26 F.3d 1488 (9th Cir. 1994)................................................................................22

28

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR
INTERLOCUTORY APPEAL AND STAY

*Duran v. U.S. Bank Nat. Assn.*,
  59 Cal.4th 1 (2014) ........................................................................ 19

*Elkins v. Superior Ct.*,
  41 Cal.4th 1337 (2007) .................................................................. 18

*Fitrol Corp. v. Kelleher*,
  467 F.2d 242 (9th. Cir. 1972)..................................................... 26, 27

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
  921 F. Supp. 2d 1059 (D. Haw. 2013) ................................. 18, 23, 25

*Holak v. K Mart Corp.*,
  2015 WL 4756000 (E.D. Cal. Aug. 11, 2015) ..................... 14, 16, 17

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1981).................................... 13, 17, 22, 25

*Leiva-Perez v. Holder*,
  640 F.3d 962 (9th Cir. 2011) ......................................................... 26

*Leyva v. Certified Grocers of Cal., Ltd.*,
  593 F.2d 857 (9th Cir. 1979)......................................................... 26

*Medonca v. Caliber Home Loans, Inc.*,
  2015 WL 15666857 (C.D. Cal. 2015) ...................................... 19, 22

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
  2019 WL 5269014 (N.D. Cal. Oct. 17, 2019)...................... 17, 23, 25

*National Credit Union Admin. Board v. Goldman Sachs and Co., et al*,
  2013 WL 12306438 (CD. Cal 2013) .............................................. 17

*Orr v. Bank of America*,
  285 F.3d 764 (9th Cir. 2002) ......................................................... 22

*Ortiz v. CVS Caremark Corporation*,
  No. C-12-05859 EDL, 2014 WL 1117614 (N.D. Cal. Mar. 19, 2014) .............. 20

*Patel v. City of Long Beach*,
  564 Fed. Appx. 881 (9th Cir. 2014) ............................................... 25

*Reese v. BP Exploration (Alaska) Inc.*,
  643 F.3d 681 (9th Cir. 2011)..................................................... 10, 15

*Singer v. Live Nation Worldwide, Inc.*,
  2012 WL 123146, (C.D. Cal. 2012) ................................................ 23

*Thomas v. Brett Sports & Entm't, Inc.*,
  2016 WL 4472995 (C.D. Cal. Aug. 23, 2016).............................. 23

*Troester v. Starbucks Corp.*,
  5 Cal.5th 829 (2018) ...................................................................... 14

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Gordon Rees Scully Mansukhani, LLP**
**633 West Fifth Street, 52nd Floor**
**Los Angeles, CA 90071**

-7-

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR
INTERLOCUTORY APPEAL AND STAY

*Tyson Foods, Inc. v. Bouaphakeo*,
   136 S.Ct. 1036 (2016) ............................................................................ 19

*Uche-Uwakwe v. Shinseki*,
   972 F. Supp. 2d 1159 (C.D. Cal. 2013.) ............................................... 22

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S.Ct. 2541 (2011) ............................................................................ 18

*Wasco Products, Inc. v. Southwall Techs., Inc.*,
   435 F.3d 989 (9th Cir. 2006) ................................................................ 25

*Williams v. Superior Court*,
   3 Cal.5th 531 (2017) .............................................................................. 19

*York v. Starbucks Corp.*,
   2012 WL 10890355 (C.D. Cal. Nov. 1, 2012) ...................................... 16

**Statutes**

28 United States Code
   Section 1292 .......................................................................... 2, 9, 10, 13

28 United States Code
   Section 1332 ............................................................................................ 12

28 United States Code
   Section 1441 ............................................................................................ 12

28 United States Code
   Section 1446 ............................................................................................ 12

California Labor Code
   Section 2699.3 ........................................................................................ 14

**Rules**

Federal Rules of Evidence
   Rule 602 .................................................................................................. 19

Local Rule
   Rule 7-3 ................................................................................................... 23

**Regulations**

Wright and Miller, 16 Fed. Prac. & Proc. Juris. § 3930 ......................... 26

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-8-

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

<div style="writing-mode: vertical">Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071</div>

# MEMORANDUM OF POINTS AND AUTHORITIES

## STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should certify its May 21, 2021 Order for interlocutory appeal under 28 U.S.C. § 1292(b), based on any or of all of the following questions:

(a)    Whether Plaintiff exhausted his remedies as to alleged rounding practices through a Private Attorneys General Act ("PAGA") notice that did not address rounding;

(b)    Whether the trial court has the ability, based on a limited and unexplained sampling of employee time/pay documents in the record, to adjudicate Plaintiff's PAGA claim (if Plaintiff had exhausted his remedies); and

(c)    Whether Plaintiff can obtain a finding of liability on his individual claims based on a rounding theory that was not raised during the course of litigation.

## I.    INTRODUCTION

This Court granted partial summary judgment in Plaintiff's favor based on an allegedly wrongful rounding practice by Whiting Door, which was not referenced or addressed at all in Plaintiff's PAGA notice to the LWDA, Plaintiff's complaint, Plaintiff's meet and confer discussions before filing the Motion for Partial Summary Judgment, or even in the statement of material facts in support of the Motion for Partial Summary Judgment.

Plaintiff should not be allowed to establish liability by way of Whiting Door's alleged rounding practices because of his total failure to exhaust his remedies by including this theory in either his PAGA Notice or his operative complaint. Despite Plaintiff's statutory requirement to provide notice of the conduct, practices, and theories at issue in his PAGA Notice to the Labor & Workforce Development Agency ("LWDA") and to Whiting Door, Plaintiff failed

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

to discuss rounding in any way in that Notice.  Nor did Plaintiff *ever* meet and confer with Whiting Door about this theory, including before filing his MSJ, or at *any* time while discovery remained open.

In support of his PAGA claim, Plaintiff relied on records that are purportedly of some subset of the unidentified, allegedly aggrieved employees. Plaintiff claims that these records, which have not been authenticated, represent 10% of the California Whiting Door employees at issue.  Plaintiff provided no evidence, or support otherwise, as to why this sampling is adequate to support a finding of liability as to the claims at issue, nor did he identify any expert who could testify as to the potential error rate and statistical weight of these records or their related data.

Pursuant to 28 U.S.C. § 1292(b), Whiting Door requests that this Court certify for interlocutory appeal its ruling on three issues because the Order involves (i) "a controlling question of law"; (ii) "as to which there is substantial ground for difference of opinion"; and (iii) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation."  *Id.*

*First*, because resolution in Whiting Doors' favor would be outcome-dispositive, the questions presented by the proposed appeal are, by definition, controlling.

*Second*, there is substantial ground for difference of opinion on the issues. "Courts traditionally will find that substantial ground for difference of opinion exists where novel and difficult questions of first impression are presented," because all that is required is the existence of "an issue over which reasonable judges might differ."  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (internal quotation marks and citations omitted).  The issues raised in this petition present questions of the application of the pertinent provisions of PAGA as well as the interpretation and application of law related to proper notice requirements of liability theories before the granting of summary judgment.  And

-10-

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR
INTERLOCUTORY APPEAL AND STAY

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

reasonable jurists could disagree with this Court's rulings on the issues given that the holdings either contravene the Ninth Circuit, depart from the reasoning of other district courts, or are susceptible to different interpretations of similar statutes.

*Third*, an appeal would materially advance this litigation. Resolving the threshold issues of whether or not: (1) Plaintiff exhausted his remedies; (2) this Court has the authority to adjudicate the PAGA claim based on the disputed records; and (3) Plaintiff can obtain a finding of liability on his claims based on a theory that was omitted from the lawsuit, could avoid unnecessary litigation, conserving both the Court's and the parties' resources and time.

The Court should certify its Order for interlocutory appeal.

## II.    PROCEDURAL BACKGROUND

### A.    The PAGA Notice, Complaint, and Plaintiff's Motion for Summary Judgment

On August 12, 2019, Plaintiff sent the LWDA and Whiting Door his required PAGA Notice alleging various California Labor Code violations based on Whiting Door's use of a facility-wide buzzer system to signal the start and end times of employee shifts, meal breaks, and rest periods. Declaration of Mollie M. Burks ("Burks Decl."), ¶ 3; Ex A. The PAGA Notice makes no reference to any theory involving Whiting Door's rounding practices.

On December 12, 2019, Plaintiff filed a civil action in San Bernardino County Superior Court entitled *Travon Attison v. Whiting Door Manufacturing Corp.*, Case No. CIVDS1935916, asserting both individual wage and hour claims and representative claims under California's Private Attorneys General Act ("PAGA"), on behalf of other allegedly "aggrieved employees." These claims include: (1) Unpaid Minimum Wages; (2) Liquidated Damages; (3) Unpaid Overtime; (4) Failure to Provide Meal Periods; (5) Failure to Provide Rest Breaks; (6) Inaccurate Wage Statements; (7) Waiting Time Penalties; (8) Failure to Provide Access to Personnel File; and (9) Unfair Competition. *See* Complaint. Plaintiff's

-11-

complaint asserts no allegations or references to Whiting Door's rounding practices. Plaintiff has never amended his complaint.

On January 2, 2019, pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, Whiting Door removed Plaintiff's action to this Court. Dkt. #4.

Fact discovery closed on January 25, 2021, and Plaintiff had made no mention before that date of Whiting Door's alleged rounding practices in any court filings, discovery, or conferences with Whiting Door. Dkt. #21; Burks Decl., ¶ 4.

On January 29, 2021, the parties met and conferred regarding a motion for partial summary judgment that Plaintiff informed Whiting Door he intended to file. During these meet and confer discussions, Plaintiff never mentioned anything about any of Whiting Door's alleged rounding practices. Burks Decl., ¶ 5.

Then, on March 8, 2021, with discovery closed and the parties already in the late stages of trial preparation, Plaintiff filed an MSJ relying on a theory of liability based on Whiting Door's alleged rounding practices. Dkt. #32 (Plaintiff's Motion for Partial Summary Judgment), p. 1-2; Burks Decl. at ¶ 6. This was nineteen months after Plaintiff submitted his PAGA Notice letter and sixteen months after filing his complaint. Plaintiff's MSJ was the <u>first time</u> he asserted a rounding theory as a basis for his Labor Code claims. Plaintiff <u>failed to include any reference</u> to the purported rounding practice in either his PAGA Notice, the operative Complaint, initial disclosures, discovery responses, or during the parties' conference of counsel (including the pre-MSJ filing conference).

### B.    The Court's Order

On May 21, 2021, this Court granted in part and denied in part Plaintiff's Motions for Partial Summary Judgment by allowing the rounding theory and the admission of the records, which led the Court to a finding of liability as to Claims 1-3, 7, and 10 (the PAGA claim). Dkt. #58. As to each claim in which the Court made a finding of liability, that finding was based on Plaintiff's previously

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

undisclosed rounding theory.

## III.    <u>ARGUMENT</u>

The Court should certify for interlocutory appeal its ruling on three issues. A district court will certify an order for interlocutory appellate review where the order involves (i) "a controlling question of law"; (ii) "as to which there is substantial ground for difference of opinion"; and (iii) where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).  Certification under § 1292(b) requires the district court to expressly find in writing that all three § 1292(b) requirements are met.  *See In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1981).

Given the adverse ramifications of the Court's holding, and its significance to the bench, immediate appellate review of this Court's order is necessary. Without such review, Plaintiff will proceed to establish damages against Whiting Door as to the claims at issue, including Plaintiff's representative PAGA claim on behalf of all other allegedly aggrieved employees, without any opportunity at trial for Whiting Door to defend against these claims and their brand new theory of liability.

Accordingly, the Court should certify its order for appellate review.  The Court should also stay further proceedings in this Court pending disposition of Whiting Door's petition to the Ninth Circuit to accept review, and if that is granted the appeal.

### A.    The Court Should Certify the Question of Whether Plaintiff Exhausted His Remedies Through the PAGA Notice, Notwithstanding Its Failure to Address Rounding.

#### 1.    Whether Plaintiff Exhausted His Remedies Through the PAGA Notice is a Controlling Question of Law.

"[F]or a question to be 'controlling,'" "all that must be shown . . . is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court."  *In re Cement*, 673 F.2d at 1026 (9th Cir. 1981).

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR
INTERLOCUTORY APPEAL AND STAY

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Here, whether Plaintiff exhausted his statutorily required administrative remedies is a controlling question of law presented in the May 21 Order (Dkt. #58, at 4, 13).

To enforce and seek penalties under PAGA, an employee must first provide written notice to the LWDA and the employer of the "specific provisions of this code alleged to have been violated, *including the facts and theories to support the alleged violation*." Cal. Labor Code § 2699.3(a)(1) (emphasis added); *see Arias v. Sup. Ct.*, 26 Cal.4th 969, 980 (2009). This written notice must be sufficient "*to permit the employer to determine what policies or practices are being complained of…*" *Alcantar v. Hobart Serv.*, 800 F.3d 1047, 1057 (9th Cir. 2015) (emphasis added). According to *Holak v. K Mart Corp.*, a case relied on by the Court (Order at 13):

> Although these cases applied different standards, all, except *York,* seem to agree that if a plaintiff provides no notice of a specific theory, that theory is not exhausted under Section 2699.3. Plaintiff's letter gave no notice of the theory [it later relied on]. *Even under the lower standard, providing no notice of a theory is not sufficient to exhaust.*

2015 WL 4756000, at *5 (E.D. Cal. Aug. 11, 2015). Plaintiff's PAGA Notice makes no reference whatsoever to the allegation that Whiting Door had an allegedly unlawful rounding policy or practice that gave rise to any alleged unpaid wages. *See* Burks Decl., Ex. A. The Order states that the PAGA Notice "includes some off-the-clock time claims." Order at 13. However, the rounding theory that entirely drives the Court's findings in Plaintiff's favor in the Order is an entirely different theory than an off-the-clock theory, as a matter of law. *Alonzo v. Maximus, Inc.*, 832 F. Supp. 2d 1122 (granting defendant's motion for summary judgment as to plaintiff's rounding claim, but denying plaintiff's individual off-the-clock claim); *Troester v. Starbucks Corp.*, 5 Cal.5th 829, 853 (2018) (Cuéllar, J., concurring) ["regular minutes worked by employees off the clock do not come close to being treatable as rounding errors under a sensible applicable of a rule of

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-14-

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

reasons."].

Here, if the Court rules in favor of Whiting Door on appeal, the resolution would determine that Plaintiff had not exhausted his remedies and therefore reverse the District Court's Order as to Plaintiff's PAGA claim (Claim 10), which the Court found liability based on a rounding theory.

### 2. A Substantial Basis Exists for Difference of Opinion Regarding Whether Plaintiff Exhausted His Remedies Through the PAGA Notice.

The second requirement for certification is also met because whether Plaintiff exhausted his administrative remedies through his PAGA Notice letter is a question about interpreting applicable case law over which reasonable jurists could disagree. Certification is appropriate if the appeal would involve "an issue over which reasonable judges might differ." *Reese*, 643 F.3d at 688. "Courts traditionally will find that a substantial ground for difference of opinion exists where 'novel and difficult questions of first impression are presented.'" *Id.* (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010))[1]. There can be no question that reasonable jurists could disagree about the novel standing issue addressed in the Order.

Here, the Order found Plaintiff's PAGA Notice adequate, despite not addressing any rounding policy, because "the Notice includes some off-the-clock time claims, even if not directly related to rounding, and plaintiffs are not required to include every potential fact or every future theory." Order at 13 (citing

---

[1] "To determine if a 'substantial ground for difference of opinion' exists under § 1292(b), courts must examine to what extent the controlling law is unclear." *Couch*, 611 F.3d at 633. "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* (internal citations and quotation marks omitted). "That settled law might be applied differently does not establish a substantial ground for difference of opinion." *Id.* at 633. (*City of San Diego v. Monsanto Company*, 310 F.Supp.3d 1057 (S.D. Cal. 2018).)

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-15-

*Cardenas v. McLane FoodServices, Inc.*, 796 F. Supp. 2d 1246, 1260 (C.D. Cal. 2011)).[2]

This ruling justifies interlocutory review because "there is disagreement among federal district courts regarding what standard should be used when determining whether a PAGA notice letter contains sufficient facts and theories." *Holak*, 2015 WL 4756000, at *8.  Some courts rely on the higher standard for exhaustion applied in *Alcantar v. Hobart Serv.*, 2013 WL 228501, at *4 (C.D. Cal. Jan. 22, 2013), which states that language merely paraphrasing the allegedly violated statutes is insufficient to confer a plaintiff with standing to prosecute a claim under PAGA because the notice does not allow the LWDA "to intelligently assess the seriousness of the alleged violations" or give the employer enough information "to determine what policies or practices are being complained of so as to know whether to fold or fight" (citations omitted).

Other courts explicitly apply a more flexible standard requiring only "some facts" or "some information" regarding the plaintiff's facts and theories.  *Holak*, 2015 WL 4756000, at *8.  For example, in *York v. Starbucks Corp.*, 2012 WL 10890355, at *4 (C.D. Cal. Nov. 1, 2012), the court determined that the plaintiff's letter was sufficient to support the theory that the overtime rate was missing from the wage statements despite the fact that the notice letter only alleged the applicable hourly rates were missing.  *Amey v. Cinemark USA Inc.*, 2015 WL 2251504, at *14–15 (N.D. Cal. May 13, 2015), on the other hand, held that the plaintiff's allegation in the notice letter, that defendant failed to state the total hours worked as a result of working off the clock, was not sufficient to support the

---

[2] Per *Cardenas*, "a plaintiff cannot recover on behalf of individuals whom the <u>plaintiff has not proven</u> suffered a violation of the Labor Code by the defendant.  Thus, *Plaintiffs ... must* '*prove Labor Code violations with respect to each and every individual on whose behalf Plaintiff seeks to recover civil penalties*.'"  796 F. Supp. 2d at 1260 (emphasis added).  Plaintiff is "obligated to show violations" as to each of the "specific employees".  *Id.*

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

plaintiff's new theory that the overtime rate was listed incorrectly.

The *Holak* court eventually, denied plaintiff's attempt to overturn the court's granting of an MSJ in defendant's favor because the PAGA notice was insufficient, noting that "*[a]lthough these cases applied different standards, all, except* York, *seem to agree that if a plaintiff provides no notice of a specific theory, that theory is not exhausted under Section 2699.3*." 2015 WL 4756000, at *8

Because reasonable jurists disagree on the sufficiency of PAGA Notice exhaustion requirements, certification is appropriate here. *See Advanced Analogic Techs., Inc. v. Linear Tech. Corp.*, 2006 WL 2850017, at *2 (N.D. Cal. Oct. 4, 2006) at *2 (substantial ground for difference of opinion existed where "district courts have reached varying conclusions in cases arguably bearing" on the "specific issue"); *Asis Internet Servs. v. Active Response Grp.*, 2008 WL 4279695, at *3 (granting certification where the "Court departed from the reasoning of other district court opinions"); *Nat'l Credit Union*, 2013 WL 12306438, at *7 (granting certification where "reasonable jurists could and have differed when interpreting the statute or similar statutes.").

### 3.    Resolution of the Appeal In Whiting Door's Favor Would Materially Advance The Litigation.

An immediate appeal of the Order's holding on standing would "avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. If left intact, given the Court's Order granted Plaintiffs' motion as to liability only, the parties would need to proceed with a trial as to damages as to each of these five claims, as well as damages and liability as to the other five claims (Claims 4-6, and 8-9) before reaching a final judgment that Whiting Door would then appeal to the Ninth Circuit, which could well result in the need to have a subsequent trial. This would result in a significant waste of time and resources for both the Court and the parties. *See MLC Intellectual Prop., LLC v. Micron Tech., Inc.*, 2019 WL 5269014, at *4 (N.D. Cal. Oct. 17, 2019) ("interlocutory review is in the interest of

judicial economy and will save the parties a considerable amount of time and expense"); *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1068 (D. Haw. 2013) (same, where proceeding in district court "will have unnecessarily wasted significant time and resources" if the Ninth Circuit reversed).

Based on the foregoing, all of the requirements for certification are met here, thus justifying interlocutory appellate review as to the first issue presented.

**B.    The Court Should Also Certify The Question of Whether the Trial Court Has The Ability to Adjudicate the PAGA Claim Based on a Limited and Unexplained Statistical Sample.**

**1.    Whether The Trial Court Has The Ability to Adjudicate The PAGA Claim is a Controlling Question of Law.**

Both the U.S. and California Supreme Courts recognize that Whiting Door has a due process right to challenge each employee's right to recovery particularly where, as here, the experiences of the represented employees are not common. *See Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2561 (2011) (finding defendant was "entitled to individualized determinations of each employee's eligibility for backpay"); *Elkins v. Superior Ct.*, 41 Cal.4th 1337, 1357 (2007) ("One of the elements of a fair trial is the right to offer relevant and competent evidence on a material issue . . . [and] denial of this fundamental right is almost always considered reversible error") (citation, emphasis, and internal quotations omitted). *Wal-Mart* confirms that using any sort of "trial by formula" to sidestep the required employee-by-employee challenge would violate Whiting Door's due process rights. *Wal-Mart*, 131 S.Ct. at 2561.

Here, Plaintiff has submitted unauthenticated and inadmissible time and pay records which purport to relate to 10% of Whiting Door's employees. (Plaintiff's COE, Exhibits 6-21, meal period waivers as Exhibit 23, and policy documents as Exhibit 27. Jain Decl. ¶¶ 9-24, 26, 30, COE 030-634, 638-751, 846-847 (ECF 32-

**DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY**

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

2 - 32-6)).[3]

Further, "[a] representative or statistical sample, like all evidence, is a means to establish or defend against liability.  Its permissibility turns not on the form a proceeding takes—be it a class or individual action—but on the degree to which the evidence is reliable in proving or disproving the elements of the relevant cause of action." *Tyson Foods, Inc. v. Bouaphakeo*, 136 S.Ct. 1036, 1046 (2016).

Apart from the insufficient sample size, Plaintiff has not offered any information about variability in the population, or any expert testimony or analysis whatsoever as to whether the sample size is statistically appropriate and capable of reliable extrapolation.  Plaintiff has no plan or ability to present information about the margin of error.  The California Supreme Court has determined that inadequate or flawed statistical sampling as representative evidence cannot support judgment in a plaintiff's favor.  *Duran v. U.S. Bank Nat. Assn.*, 59 Cal.4th 1, 25 (2014) (reversing judgment where 12.4% sample size was insufficient).  Broadly speaking, no procedures for litigation of claims on an aggregate basis may be "used to abridge a party's substantive rights."  *Duran*, 59 Cal.4th at 34.

The California Supreme Court has also affirmed that litigation of PAGA claims cannot be an open-ended exercise of undefined scope, but rather must be "manageable."  *Williams v. Superior Court*, 3 Cal.5th 531, 559 (2017).  If too many "individualized assessments" are necessary to determine PAGA violations, PAGA claims should not proceed.  *See, e.g., Brown v. American Airlines, Inc.*,

---

[3] Plaintiff's only attempt to authenticate the records upon which his entire Motion relies is by way of his own counsel Kunal Jain's declaration. ECF 32-2. For each exhibit, Mr. Jain claims that each record is a true and correct copy. *Id.*  However, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602.  In *Medonca v. Caliber Home Loans, Inc.*, the Court sustained evidentiary objections against records for which the only authentication provided was "the assertion by [the party's] attorney that these are 'true and correct copies.'"  2015 WL 15666857 at *3-4 (C.D. Cal. 2015).

-19-

2015 U.S. Dist. LEXIS 150672 (C.D. Cal. Oct. 5, 2015); *see also Ortiz v. CVS Caremark Corporation*, No. C-12-05859 EDL, 2014 WL 1117614, at \*3-5 (N.D. Cal. Mar. 19, 2014) (striking PAGA claim theories "because a multitude of individualized assessments would be necessary").

This question is a controlling issue of law.  If the issue is resolved in Whiting Door's favor, it would directly affect the outcome of litigation in the trial court by terminating the litigation as to the PAGA claim, because Plaintiff has not satisfied that prerequisite that a representative action trial would be manageable. *See, e.g., Advanced Analogic Techs., Inc.*, 2006 WL 2850017, at \*2 (N.D. Cal. Oct. 4, 2006) ("it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action."  [internal quotation marks and citation omitted]); *see also Amor Ministries v. Century Sur. Co.*, 2015 WL 11251726, at \*3 (S.D. Cal. June 3, 2015) (there is "no doubt" that resolving question that "would have ended this litigation" is controlling).

> **2.    A Substantial Basis Exists for Difference of Opinion Regarding Whether The Trial Court Has The Ability To Adjudicate The PAGA Claim Based On A Limited and Unexplained Statistical Sample.**

There is substantial basis for difference opinion on whether this Court has the ability to adjudicate this PAGA claim based on the limited and unexplained statistical sample.

Reasonable jurists could disagree on whether the sample size is sufficient for the Court to adjudicate the PAGA claim.  The Order notes Whiting Door's objections about the reliance on the sample of records with "no information about variability in the population, nor has [plaintiff] offered any expert testimony or analysis as to whether the sample size is statistically appropriate and capable of reliable extrapolation."  Order at 7.  The Court's Order *rejects* Plaintiff's response, faults Plaintiff for providing no authorities to support his position, and points out

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-20-

that Plaintiff's position directly contravenes California Supreme Court precedent:

> Plaintiff replies that his Motion relates to liability, and therefore Defendant's argument about an improper statistical sample is moot. (Reply at 9.) *The Court disagrees. Plaintiff provides no authorities to support this position, which is directly inconsistent with* Duran. There, the California Supreme Court held that "the law tolerates more uncertainty with respect to damages than to the existence of liability." *Duran*, 59 Cal. 4th at 40. "Uncertainty of the fact whether any damages were sustained is fatal to recovery, but uncertainty as to the amount is not." Id. (emphasis in original).

*Id.* at 7-8 (emphasis added).

The Court should grant also certification because the Order is in tension with Ninth Circuit precedent as to authentication.  The Order states that because the content of the records was not specifically disputed that any failure to authenticate doesn't matter.  Order at 5.[4]  In making this conclusion, the Court dismisses Ninth Circuit precedent for an out of district case, which does not dictate the Court's finding:

> Although the Ninth Circuit has required documents be properly authenticated on a motion for summary judgment, "[w]hether the authentication requirement should be applied to bar evidence when its authenticity is not actually disputed is... questionable."

*Burch v. Regents of Univ. of Calif.*, 433 F. Supp. 2d 1110, 1120 (E.D. Cal. 2006).

---

[4] In fact, Defendant explained in its opposition that contrary to authenticating the only pay records Plaintiff sought to authenticate through Defendant's person most qualified deposition, Defendant's witness testified as follows:

> I'm concerned that I may not have seen this actual document before… I don't know what that [document] is…this doesn't look consistent with how our payroll register details would look…looks like there's a lot of changes to this document as opposed to what I would normally see…That doesn't look consistent with what I usually see…this document is confusing to me…

*See* Dkt. # 36-1 (Defendant's Material Facts 11; Declaration of Elizabeth A. Budzynski, ¶ 7, Ex. A [PMQ Depo Tr. 88:11-94:1, EAB000027-33 (regarding PMQ Depo Ex. 11) (emphasis added)]).

-21-

While FRCP 56(e) does not require that all documents be authenticated through personal knowledge when submitted in a summary judgment motion, there is such a requirement where—as here—exhibits are introduced by being attached to an affidavit. *Orr*, 285 F.3d at 778 n. 24. Indeed, "courts regularly reject evidence submitted as exhibits to declarations or affidavits filed in support of motions for summary judgment because they are not properly authenticated by someone with personal knowledge of their contents." *Medonca*, 2015 WL 1566847 at *3. It is well established in the Ninth Circuit that a District Court can only consider properly authenticated, admissible evidence in ruling on a motion for summary judgment. *See Orr*, 285 F.3d at 773 (9th Cir. 2002); *accord Cristobal v. Siegel*, 26 F.3d 1488, 1494 (9th Cir. 1994) (holding documents which are not properly authenticated cannot support a summary judgment motion). *"Authentication is a 'condition precedent to admissibility'." Id.*; *accord Uche-Uwakwe v. Shinseki*, 972 F. Supp. 2d 1159, 1164-1165 (C.D. Cal. 2013.) "*[U]nauthenticated documents cannot be considered in a motion for summary judgment*"; *Orr*, 285 F.3d at 773. This Court's Standing Order also specifically admonishes that all "evidence in support of, or in opposition to, a Rule 56 motion…*must be authenticated properly*." § 12.

### 3. Resolution of Whether The Trial Court Has The Ability To Adjudicate The PAGA Claim Would Materially Advance The Litigation.

If the Court rules in Whiting Door's favor as to certifying this question, it would materially advance the litigation for the same reasons explained as to the first question above, as an immediate appeal of the Order's holding on standing would "avoid protracted and expensive litigation." *In re Cement*, 673 F.2d at 1026. Specifically, an interlocutory appeal would avoid the likely scenario that the parties would proceed to trial as to damages on Claims 1-3, 7, and 10, and liability as to Claims 4-6, and 8-9, only for Whiting Door to then proceed to a post-judgment appeal that could result in a second timely and expensive trial.

-22-

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Certifying this question for appeal would therefore be in the interest of judicial economy. *See MLC Intellectual Prop.*, 2019 WL 5269014, at *4 ("interlocutory review is in the interest of judicial economy and will save the parties a considerable amount of time and expense"); *Hawaii ex rel. Louie*, 921 F. Supp. 2d at 1068 (D. Haw. 2013) (proceeding in district court "will have unnecessarily wasted significant time and resources" if the Ninth Circuit reversed).

### C.    The Court Should Also Certify The Question of Whether Plaintiff Can Obtain a Finding of Liability on His Individual Claims, Based On a Rounding Theory That Was Not Raised During the Course of Litigation.

#### 1.    Whether Plaintiff Can Obtain a Finding of Liability Based on an Undisclosed and/or Omitted Theory of Recovery is a Controlling Question of Law.

Whether Plaintiff can add a new theory of liability at the summary judgment stage is a controlling question of law. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-93 (9th Cir. 2000) (allowing a plaintiff to proceed on a new theory would prejudice defendants because "[a] complaint guides the parties' discovery putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."). Discovery had closed long before Whiting Door ever heard this theory, and therefore had only the time allotted to oppose Plaintiff's MSJ to develop any evidence, legal support, and analysis before potentially losing its opportunity to defend against this theory as to liability at trial. This is a violation of Whiting Door's due process rights and cannot be a basis for a finding of summary judgment in Plaintiff's favor. *See, e.g., Coleman*, 232 F.3d at 1292-93.[5]

---

[5] Local Rule 7-3 requires a conference of counsel prior to filing all motions during which the moving party must "discuss thoroughly…the substance of the contemplated motion and any potential resolution." If the moving party does not comply with Local Rule 7-3, the Court may deny a motion for that reason. *See, e.g., Singer*, 2012 WL 123146, at *2; *Thomas v. Brett Sports & Entm't, Inc.*, 2016 WL 4472995, at *2 (C.D. Cal. Aug. 23, 2016); *Alcatel-Lucent USA, Inc. v.*

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

Nor could Whiting Door have any advance notice of Plaintiff's rounding theory from any other source outside of Plaintiff's failed discovery obligations. Plaintiff's Complaint does not discuss rounding in any way.  As discussed, Plaintiff never discussed this theory in any way in (1) his complaint (which he never amended to include this theory, (2) any discovery responses or requests, or even in (3) Plaintiff's statement of material facts in support of its MSJ, which the Order agrees (at p. 6) is "deficient."

Given the finding in Plaintiff's favor before Whiting Door could fairly prepare its factual and legal defenses, a reversal on this question would be a controlling question of law as to liability against Plaintiff's individual claims covered by the Order (Claims 1-3 and 7).

### 2.    A Substantial Basis Exists for Difference of Opinion Regarding Whether Plaintiff Can Obtain a Finding of Liability Based on an Undisclosed and/or Omitted Theory of Recovery.

There is a substantial basis for a difference of opinion with the Court's apparent conclusion that this failure to raise rounding in the Complaint or at some other time before the close of discovery—as to Plaintiff's individual claims—is not a bar to a finding of liability in Plaintiff's favor based on a rounding theory. Summary judgment is framed by the operative complaint, and a new liability theory not pled or raised before a motion for summary judgment cannot lead to

*Dugdale Communications, Inc.*, 2009 WL 3346784, at *3-4 (C.D. Cal. Oct. 13, 2009).
Here, Plaintiff did not meet and confer at all as to its theory of Whiting Door's rounding practice, the *only* theory upon which the Order finds liability as to Plaintiff's individual Claims (Claims 1-3, and 7).  Order at 8.  Plaintiff also failed to meet and confer at all as to Claim 2 or mention in advance that Plaintiff would be moving for summary judgment as to Claim 2.  Lastly, Plaintiff did not confer as to the notion that he was moving for summary judgment only as to liability or mention this at all in Plaintiff's opening motion papers (while failing to provide a Proposed Order as required by the Court's Local Rule and Standing Order, which would have clarified the relief he sought).

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

summary judgment in the moving party's favor.  For example, in *Coleman*, *supra*, the Ninth Circuit held that allowing a plaintiff to proceed on a new theory would prejudice defendants because "[a] complaint guides the parties' discovery putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations."  232 F.3d at 1292-93.  Similarly, in *Wasco Products, Inc. v. Southwall Techs., Inc.*, the Ninth Circuit held that the plaintiff could not proceed with new theory not pled in complaint, 435 F.3d 989 (9th Cir. 2006), and in *Patel v. City of Long Beach*, the Ninth Circuit affirmed the District Court's finding that Plaintiffs could not raise a new theory during summary judgment, 564 Fed. Appx. 881, 882 (9th Cir. 2014).

Given that reasonable jurists can disagree with whether Plaintiff can obtain a finding of liability on an undisclosed or omitted theory of recovery, this element is satisfied as to the certification of this third question for interlocutory appeal.

### 3. Resolution of Whether Plaintiff Can Obtain a Finding of Liability Based on an Undisclosed and/or Omitted Theory of Recovery Would Materially Advance The Litigation.

As with the first two questions, if the Court rules in Whiting Door's favor as to certifying this question, it would materially advance this litigation by potentially allowing resolution of this question before a protracted and expensive trial on damages as to these claims, which may have to be tried again after a post-judgment appeal.  *See In re Cement*, 673 F.2d at 1026.  As with the other two questions, certifying this question for appeal would therefore be in the interest of judicial economy.  *See MLC Intellectual Prop.*, 2019 WL 5269014, at *4 ("interlocutory review is in the interest of judicial economy and will save the parties a considerable amount of time and expense"); *Hawaii ex rel. Louie*, 921 F. Supp. 2d at 1068 (D. Haw. 2013) (proceeding in district court "will have unnecessarily wasted significant time and resources" if the Ninth Circuit reversed).

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR INTERLOCUTORY APPEAL AND STAY

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

In light of the foregoing, Whiting Door meets all of the requirements for certification for this issue, and the Court should certify it for interlocutory appellate review.

**D.      This Court Should Stay Further Proceedings Pending the Completion of Appellate Proceedings**

"A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."  See *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  "Where it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed.  Among these competing interests are the possible damage which may result from the granting of a stay, the hardship of inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay."  *Fitrol Corp. v. Kelleher*, 467 F.2d 242, 244 (9th. Cir. 1972) (internal quotation marks and citation omitted).

Under this balancing test, "stronger showing of one element may offset a weaker showing of another."  *Alliance for the Wild Rockies v. Corttrell*, 632 F.2d 1127, 1131 (9th Cir. 2011) (addressing preliminary injunction standard).  It is "clear," however, that "to justify a stay, petitioners need not demonstrate that it is more likely than not that they will win on the merits."  *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam) (stay of removal).  "The advantages of immediate appeal increase with the probabilities of prompt reversal, the length of the district court proceedings saved by reversal of an erroneous ruling, and the substantiality of the burdens imposed on the parties by a wrong ruling."  Wright & Miller, supra, § 3930.  Applying these principles here, the Court should issue a stay in order to "promote economy of time and effort for itself, for counsel, and for

Gordon Rees Scully Mansukhani, LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

-26-

1  litigants." *Filtrol Corp.*, 467 F.2d at 244.

2      The lack of a stay could lead directly to inconsistent rulings with the Ninth

3  Circuit and significant unnecessary waste of time and resources.  Plaintiff would

4  only face a slight delay which in the long term would likely result in a quicker final

5  resolution of his claims.   Therefore, the balance of hardships here weighs

6  decisively toward both certification and stay.  Whiting Door also has a sufficient

7  likelihood of success on the merits to support the issuance of a stay.  The threshold

8  arguments raise serious legal questions in terms of the application of PAGA as

9  well as the interpretation of law related to proper notice requirements prior to

10  granting summary judgment.  Given the serious and important questions raised by

11  the Court's order, a stay is warranted.

12      Finally, a stay would serve important interests of sound and fair judicial

13  administration.  The public interest lies in proper resolution of the important issues

14  raised in this case, and issuance of stay would avoid wasting resources on a lawsuit

15  which might be dismissed on appeal.

16                    ## IV.    <u>CONCLUSION</u>

17      Whiting Door respectfully requests that the Court certify its Order for

18  immediate interlocutory appeal on the questions above and stay further

19  proceedings in this Court pending completion of appellate proceedings.

20

21  Dated:  June 21, 2021              GORDON REES SCULLY
                                       MANSUKHANI, LLP
22

23                                By:  <u>/s/ Mollie M. Burks</u>
                                       Mollie M. Burks
24                                     Seth Weisburst
                                       Sat Sang S. Khalsa
25                                     Elizabeth Y. Mu
                                       Attorneys for Defendant
26                                     WHITING DOOR
                                       MANUFACTURING CORP.
27

28

**Gordon Rees Scully Mansukhani, LLP**
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071

DEFENDANT WHITING DOOR MANUFACTURING CORP.'S PETITION FOR
INTERLOCUTORY APPEAL AND STAY