# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVON ATTISON, an individual, on behalf of himself, other current and former aggrieved employees, and the State of California, as a private attorneys general,<br><br>　　　　Plaintiff,<br>　vs.<br><br>WHITING DOOR MANUFACTURING CORP., a New York corporation; and DOES 1 through 25, Inclusive,<br><br>　　　　Defendants. | Case No.: 5:20-cv-00012-JGB-KKx<br>**Honorable Judge Jesus G. Bernal**<br><br>**ORDER GRANTING APPROVAL OF PAGA SETTLMENT AND ORDER OF DISMISSAL** |

ORDER APPROVING PAGA SETTLMENT DISMISSING THE ACTION WITH PREJUDICE

The Court having reviewed the Parties' Stipulation and Request for Approval of Settlement of PAGA Claims and Dismissal of Action With Prejudice, and having determined that the settlement provides genuine and meaningful relief that benefits the State of California and the Aggrieved Employees, is fair, adequate, reasonable, and otherwise being fully informed and good cause appearing therefore, it is hereby **ORDERED, ADJUGED, AND DECREED AS FOLLOWS**:

1. The Court finds that the settlement of Plaintiff's claims under PAGA for $700,000.00, inclusive of Attorney's Fees and Litigation Costs, and Settlement Administration Costs is in all respects, fair, adequate, and reasonable, and was reached as a result of intensive, serious and non-collusive arm's length negotiations. The Court has considered the nature of the claims, the procedural history of the case, the instant stipulation, the Parties' Settlement Agreement, and the amounts to be paid under the Settlement Agreement, the involvement of an experienced private mediator to facilitate the settlement, the risks of continued litigation that Plaintiff would face, the maximum allocation of settlement proceeds among the Aggrieved Employees, and the fact that a settlement represents a compromise of the Parties' respective positions rather than the result of finding liability at trial.

2. The Court approves the settlement as set forth in the Settlement Agreement and orders that $700,000.00, inclusive of Attorney's Fees and Litigation Costs and Settlement Administration Costs be allocated to resolve Plaintiff's claims under PAGA in this Action.

3. The $700,000.00 shall be distributed as follows:

  a. $285,385.50 will be paid to the LWDA as its 75% share of the PAGA

settlement;

    b. $95,128.50 will be paid to the aggrieved employees as their 25% share of the PAGA settlement;

    c. $4,500 will be paid to ILYM Group for Settlement Administration costs;

    d. $280,000.00 will be paid to Plaintiff's counsel as reasonable Attorneys' Fees; and

    e. $34,986 will be paid to Plaintiff's counsel as reimbursement of actual costs.

4. The Court approves and incorporates by reference the terms and conditions of the Parties' Settlement Agreement, adopts the definitions of the words and phrases expressly defined in the Settlement Agreement, and directs the implementation of all remaining terms, conditions and provisions of the Settlement Agreement in accordance with its terms.

5. As of the Effective Date, Plaintiff, as the representative for the State of California, will fully, finally and forever settle, compromise and discharge any and all claims for civil penalties recoverable under Labor Code § 2699(a) as provided for in the Settlement Agreement.

6. The terms of the Settlement Agreement, and this Order, are binding on the LWDA, any persons purporting to act on its behalf, Plaintiff, and the Aggrieved Employees, as well as each of their respective attorneys, agents, spouses, executors, representatives, guardians ad litem, heirs, successors, and assigns and shall inure to the benefit of the Released Parties, who shall have no further or other liability or obligation to the LWDA, any persons purporting to act on its behalf, or any PAGA Member with respect to the Released Claims, except as expressly provided in the Settlement Agreement.

7. The Court shall reserve exclusive and continuing jurisdiction over this matter until the final payment is made and all obligations in the Settlement Agreement are satisfied, but solely for purposes of addressing (a) the interpretation and enforcement of the terms of the Settlement, (b) settlement administration matters, and (c) such other matters as may be appropriate under court rules or as set forth in this Settlement.

8. This Action is dismissed with prejudice as to Plaintiff Travon Attison and any claims brought under the Private Attorneys General Act as described in the Settlement Agreement. This dismissal does not extend to or otherwise affect the ability of a Aggrieved Employees to bring individual, nonrepresentative claims against the Released Party for alleged violations of the Labor Code.

**IT IS SO ORDERED.**

DATE: October 18, 2022

Hon. Jesus G. Bernal, U.S. District Judge